CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 06, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REYCE ANDRE LEVON COLLINS, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELI DAVIS, *et al.*, ) <br>     Defendants. ) | Civil Action No. 7:22-cv-00406 <br><br> By: Elizabeth K. Dillon <br>     Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This matter is currently scheduled for a jury trial in the Roanoke division of this court on December 16–18, 2024. In preparation for trial, defendants have provided plaintiff with three still images from security cameras at Pocahantas State Correctional Center (PSCC), a facility operated by the Virginia Department of Corrections (VDOC). These images show the plaintiff on his return to his general population cell shortly after plaintiff was allegedly assaulted by defendant Eli Davis. Plaintiff's counsel asked for the original videos but was told that the videos are not available.

Collins moves to exclude the three still images and for an adverse jury instruction based on spoliation of evidence. (Dkt. No. 63.)[1] This motion will be granted in part and denied in part.

**I.   Excusable Neglect**

As an initial matter, defendants' response to plaintiff's motion in limine was one week late pursuant to the court's pretrial scheduling order. (Dkt. No. 59.) Plaintiff argues that the court should strike the response and grant the relief requested by plaintiff's motion. At the pretrial conference, counsel for defendants explained that he did not neglect to put a deadline in his calendaring system. Instead, when placing the date on his calendar, he inadvertently chose the wrong date exactly one week later than the due date. Under these circumstances, the court

---

[1] At the final pretrial conference, the court resolved certain of the pending motions in limine by agreement of counsel but took this motion under advisement. (Dkt. No. 74.)

finds that defendants have established excusable neglect for missing the court's deadline. *See* Fed. R. Civ. P. 6(b)(1)(B); *see, e.g.*, *Krieger v. TD Bank, N.A.*, CASE NO. 22-CV-81037-AMC, 2023 WL 3778257, at *1–2 (S.D. Fla. May 9, 2023) (finding excusable neglect where "counsel and counsel's legal assistant both did not properly calendar the Motion response deadline," the moving party did not "articulate[] any prejudice, the delay was minimal, and there is no evidence to suggest . . . counsel did not act in good faith").

## II.  Spoliation

Spoliation of evidence "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). The spoliation of video footage and other electronically stored information is governed by Federal Rule of Civil Procedure 37(e); *see Wall v. Rasnick*, 42 F.4th 214, 222–23 (4th Cir. 2022). Under this rule, spoliation occurs when "electronically stored information that should have been preserved in anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

If these threshold requirements have been met, then the court must decide whether to impose sanctions. Two categories of sanctions are available under Rule 37(e). First, "upon finding prejudice to another party from loss of the information," the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, and "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation," the court may "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

Under Rule 37(e), the court finds that the video evidence should have been preserved for trial. Collins made persons at PSCC aware of his assault allegations very quickly, and these allegations were referred for investigation. The videos have relevant evidence because they would show his condition and demeanor immediately following the incident at issue in this lawsuit. VDOC had control of this evidence at some point because three still shots from the videos were saved and provided to defendants' counsel, and the videos cannot be restored or replaced. Further, the court finds that Collins was prejudiced. *See* Fed. R. Civ. P. 37(e)(1). It is unfair for defendants to have selected images from the videos to preserve for use at trial without providing the same opportunity to Collins.

The remaining question is whether the defendants can be held responsible for the spoliation of evidence when there is no indication that the remaining named defendants had any responsibility for preserving the videos. This court has previously held that "sanctions may be imposed upon a correctional officer defendant when the VDOC has failed in its duty to preserve relevant video evidence based on the 'special relationship' between the VDOC and its correctional officers." *See, e.g.*, *Wall v. Rasnick*, Civil Action No. 7:17cv00385, 2023 WL 7490862, at *36 (W.D. Va. Nov. 13, 2023), and cases cited therein. In this situation, "the court may consider the individual defendants' lack of culpability in the failure to preserve the video evidence in assessing the proper remedy to impose." *Id*. In light of the circumstances in this case, the court will exclude the use of the three still images to cure the prejudice.

Under 37(e)(2), Collins also asks that the court presume that the lost information was unfavorable to defendants and provide the jury with an instruction that the jury presume the lost information was unfavorable to the defendants. Collins argues that the circumstances under which only selected images were preserved shows that defendants acted with intent to deprive plaintiff of the use of the original video footage. However, there is no evidence that the videos were intentionally destroyed based on the knowledge that the videos contained evidence that

3

would be relevant to plaintiff's case.  *See Turner v. United States*, 736 F.3d 174, 281–82 (4th Cir. 2013) ("[S]poliation does not result merely from the negligent loss or destruction of evidence.  Rather, the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction.").  Therefore, the court cannot conclude that there was any intent to deprive Collins of the use of the videos in his litigation pursuant to Rule 37(e)(2), and the court will not issue an adverse instruction.

### III.    Conclusion

For these reasons, plaintiff's motion in limine (Dkt. No. 63) is GRANTED such that the court will exclude from evidence still images identified by file names "img372.jpg", "img374.jpg", and "img373.jpg".  Plaintiff's motion is DENIED to the extent he seeks a jury instruction or an adverse inference that the lost information was unfavorable to defendants.

The Clerk is directed to send copies of this order to all counsel of record.

Entered: December 6, 2024.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge